**In re The STATE of Texas ex rel. David P. WEEKS.**

**No. 10–12–00443–CR.**

Court of Appeals of Texas, Waco.

Jan. 18, 2013.

David P. Weeks, Walker County Crim. District Atty., Huntsville, TX, for Appellant.

Jane Starnes, Assistant Attorney General, Austin, TX, for State of Texas.

Kenneth H. Keeling, Judge, 278th District Court, Huntsville, TX, Richard E. Wetzel, Attorney at Law, Austin, TX, for Appellee.

Michele P. Esparza, Attorney at Law, Kyle Hawthorne, Bruchez Goss Thornton Meronoff & Hawthorne, Lane D. Thibodeaux, Law Office of Lane D. Thibodeaux, Bryan, TX, Christopher M. Griffith, Attor-

ney at Law, Cynthia E. Orr, Goldstein Goldstein & Hilley, San Antonio, TX, for Real Parties in Interest.

Before Justice DAVIS, Justice LANG,[1] and Justice SCOGGINS.

## ORDER

PER CURIAM.

In this original proceeding, we denied mandamus relief in an opinion and a judgment dated December 12, 2012. *In re State ex rel. Weeks,* 392 S.W.3d 280, 2012 WL 6218205 (Tex.App.-Waco 2012, orig. proceeding). Relator then sought mandamus relief in the Court of Criminal Appeals.

In an opinion dated January 16, 2013, the Court of Criminal Appeals conditionally granted mandamus relief and ordered us "to grant mandamus relief directing Judge Keeling to submit the § 7.02(a)(2) theory of party liability in the jury charge and to submit the § 7.02(b) theory without requiring the State to show that Falk should have anticipated the particular method by which the murder was carried out." *In re State ex rel. Weeks,* 391 S.W.3d 117, 125–26, (Tex.Crim.App.2013) (orig. proceeding).

Accordingly, we vacate our December 12, 2012 judgment. We conditionally grant mandamus relief and order Respondent "to submit the § 7.02(a)(2) theory of party liability in the jury charge and to submit the § 7.02(b) theory [in the jury charge] without requiring the State to show that Falk should have anticipated the particular method by which the murder was carried out." *Id.* The writ of manda-

---

1. The Honorable Douglas S. Lang, Justice of the Fifth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* Tex. Gov't Code Ann. § 74.003(a) (West 2005).

mus will issue only in the event that Respondent fails to comply with this order.